IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STARKVILLE PRIDE, BAILEY MCDANIEL,
and EMILY TURNER                                                    PLAINTIFFS

V.                                               CIVIL ACTION NO: 1:18cv032-SA-DAS

CITY OF STARKVILLE                                                   DEFENDANT

**DEFENDANT CITY OF STARKVILLE'S BRIEF IN SUPPORT OF ITS PRE-ANSWER MOTION TO DISMISS**

Defendant City of Starkville ("City") files this Memorandum Brief in support of its Pre-Answer Motion to Dismiss.

**I.
INTRODUCTION**

This lawsuit is all about a parade that has already occurred as originally planned and scheduled. Thus, there is nothing left to dispute. This Court should dismiss this case with prejudice.

**II.
FACTS**

Emily Turner, on behalf of Starkville Pride, submitted a special events application to the City seeking approval for Starkville Pride to host a gay pride parade with city participation and in-kind services on March 24, 2018, in Starkville, Mississippi. The Starkville Board of Aldermen ("Board") considered the application during its meeting on February 20, 2018. The Board voted 4-3 to deny the special event request. *See Board Minutes, February 20, 2018, Exhibit A to Motion to Dismiss.*

On February 26, 2018, Starkville Pride, Bailey McDaniel, and Emily Turner ("Plaintiffs") sued the City alleging violations of their constitutional rights and praying for

injunctive and declaratory relief, costs and attorney's fees, as well as any other relief to which they may be entitled. *See Complaint, p. 12.*

At its very next meeting, the Board voluntarily reconsidered and approved the special event application, granting the Plaintiffs the ability to hold the 2018 Pride Parade with city participation and in-kind services as originally planned and scheduled. *See Board Minutes, March 6, 2018, Exhibit B to Motion to Dismiss.* The 2018 Pride Parade took place on March 24, 2018, its originally scheduled date, with city participation and in-kind services, as initially requested. According to media reports, the parade went off without a hitch and was the largest parade in the history of Starkville.

## III.
## LAW AND ARGUMENT

Because the parade has occurred, the Plaintiffs' Complaint fails to state a claim upon which relief can be granted. More specifically, the Plaintiffs' constitutional claims fail to meet the case or controversy requirement, lack standing, and are moot. As such, this Court does not have jurisdiction over their claims. Further, the Plaintiffs have no recoverable claim or right to damages. As a result, this Court should dismiss their Complaint with prejudice.

A. **The Board's Reconsideration and Approval of the Parade Extinguishes the Plaintiffs' Claims of Constitutional Infringement.**

The Plaintiffs' whole Complaint sought relief related to the parade. The Board's reconsideration and approval of the parade, and the fact that the parade occurred as planned and scheduled, eliminates any actual case or controversy, strips the Plaintiffs of standing, and renders the matter moot.

An actual case or controversy must be alleged in order to come within federal jurisdiction. *L.A. v. Lyons*, 461 U.S. 95, 101 (1983). Past exposure to alleged unconstitutional

practice "does not in itself show a *present* case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Id.* at 102. Stated another way, a past alleged wrong does not amount to a "real and immediate threat of injury," which is necessary to establish a case or controversy. *Id.* at 103; *Rizzo v. Goode*, 423 U.S. 362 (1976) (holding widespread illegal and unconstitutional police conduct aimed at minorities in the past not enough to meet threshold); *Golden v. Zwickler*, 394 U.S. 103, 109 (1969)(holding that a party's assertion that they *could* be subject to unconstitutional behavior is "hardly a substitute for evidence that this is a prospect of 'immediacy and reality'"); *Ashcroft v. Mattis*, 431 U.S. 171 (1977)(holding a father claiming an apprehension statute was unconstitutional following his son's death did not amount to a "present, live controversy" even though the father claimed he had another son who could be subject to such apprehension).

In addition, standing is "an essential and unchanging part of the case or controversy requirement." *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires (1) an injury in fact, (2) causal connection, and (3) redressability. *Id.* at 560-61. In order to establish an injury in fact, a plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Carik v. U.S. HHS*, 4 F. Supp. 3d 41, 50 (D.C. 2013). An actual or imminent injury may be shown by demonstrating a party "has sustained or is immediately in danger of sustaining" an injury, but the sustainment of a *past* injury is not adequate if there are no current effects. *Lyons*, 461 U.S. at 102. It must be likely that a favorable decision would redress the alleged wrong. *Lujan*, 504 U.S. at 561. "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."

*Davis v. Wells Fargo*, 824 F. 3d 333, 346 (3d Cir. 2016)(citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006)).

The case and controversy and standing issues can be taken together due to their relatability. The Plaintiffs filed suit based on allegations that their constitutional rights had been violated by the Board's denial of their special event request. However, any harm allegedly suffered was rectified a mere two weeks later when the Board, on its own volition, approved the parade permit. The Board reconsidered at the earliest opportunity, which was its next regularly scheduled Board meeting. Thus, the redress of an alleged wrong is impossible here since the Board approved the parade and the parade occurred.

Similar to the above-referenced string of cases, the timeframe for the Plaintiffs to allege a constitutional injury, if one ever existed, has expired. Here, any alleged injury ended with the Board's granting of the parade permit. Or stated another way, the Plaintiffs' alleged injury never came to fruition due to the Board's reconsideration and approval of the parade. The consideration now of any potential future denials by the Board based on future events would be merely speculative.

Plaintiffs were able to carry out their proposed parade as planned and are not suffering from "any continuing, present adverse effects." As a result, they do not meet the initial constitutional thresholds necessary to proceed. Due to the Plaintiffs' failure to establish standing or meet the case or controversy requirement, the Court should dismiss their complaint.

**B.     Plaintiffs Are Not Entitled to Any Relief That They Seek.**

The Plaintiffs are not entitled to any award of damages for which they pray due to their failure to state a claim that requires a judgment, their ability to proceed with the parade rendering

the injunction moot, and their lack of designation as a prevailing party to permit the award of attorneys' fees and costs.

1. **The Plaintiffs have not presented a claim which requires a judgment.**

Based on the aforementioned law and arguments, the Plaintiffs are not entitled to a judgment. The claims of the Plaintiffs fail as a matter of law due to lack of a case or controversy, lack of standing, and mootness. In short, the Court should grant the motion to dismiss in regards to the Plaintiffs' prayer for "a judgment declaring that Defendant's denial of Plaintiffs' Application violates the First and Fourteenth Amendments of the United States Constitution." *See Plaintiffs Complaint, p. 12*. The parade occurred. No alleged constitutional violation remains.

2. **The Plaintiffs are not entitled to injunctive relief because the 2018 Pride Parade proceeded as originally planned.**

When the Board voluntarily granted the Plaintiffs' application permitting the parade to go forward, the Plaintiffs' claim for injunctive relief became moot. A case is moot when "the issues presented are no longer live." *Latino Officers Ass'n v. City of New York*, 1998 U.S. App. LEXIS 12945 (2d Cir. 1998) (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Mootness occurs when it becomes impossible for the court to do anything to redress the alleged wrong. *Id.* (citing *Dennin v. Conn. Interscholastic Athletic Conference*, 94 F. 3d 96, 100 (2d Cir. 1996)). In order to avoid dismissal on mootness, a plaintiff must demonstrate the action is a class action or is "capable of repetition, yet evading review." *Latino Officers*, 1998 U.S. App. LEXIS 12975 at *4. To meet that exception, however, the party must demonstrate that (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is reasonable expectation the same complaining party will be subject to the same action again. *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). The Plaintiffs cannot satisfy this test.

On this point, *Latino Officers* is instructive. In that case, a Latino police group requested a permit to march in a police parade but was denied before later being permitted to march following the grant of an injunction. *Latino Officers*, 1998 U.S. App. LEXIS 12975 at *2. The City of New York appealed the injunction after the parade had occurred. *Id.* The Court determined that the appeal was in regards to a *specific* parade, and no decision by the Court would affect the parties' rights in respect to the *specific* parade, which had occurred. Thus, the Court found the issue to be moot. *Id.* at *4. Even with the possibility this could recur, the Court saw no reason that the complaining party could not again file an application and seek injunctive relief, if such issue arose, which could be taken up on expedited review. *Id.* at *4-5.

The same holding and reasoning should apply here. Plaintiffs similarly ask for relief only on a *specific* parade as they pray in their complaint for "injunctive relief requiring the City of Starkville to grant Plaintiffs' Application or to otherwise permit the Parade to go forward as planned." *See Plaintiff's Complaint, p. 12*. The parade, which was slated to occur on March 24, 2018, went forward on that date, by approval of the Board. Thus, at this point, any decision by the Court would not affect the parties' rights with respect to that March 24, 2018, parade. And just like in *Latino Officers*, in regards to future parades, the Plaintiffs would have to file another special event requests for each respective future event, as any other group would have to do. As demonstrated through the quick decision by the Board this year, it would consider such an application with haste, thus allowing the group time to seek alternative means of permission if the event were denied.

The Plaintiffs may argue this matter falls within the mootness exception of "capable of repetition, yet evading review." However that argument fails to meet the exception's two-pronged test. The exception does not apply because the Board voluntarily approved the parade

6

to proceed on its originally planned day, rather than continuing to deny it until the date passed, or being forced to permit it due to a grant of injunctive relief by the court. *Cf. FEC, 551 U.S.* at 460 (Defendant continually denied request until time had passed); *Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia,* 972 F. 2d 365 (D.C. 1992) (Defendant forced to permit parade through injunction).

There is no continuing or foreseeable reoccurrence of the controversy here. The subject situation is distinguished from the aforementioned cases because those cases did not involve the petitioning party being given direct approval by the governing body. The Board, which will remain the same until elections are held again in 2021, has demonstrated through its reconsideration how it would likely vote on a similar proposal by Starkville Pride in the future. As such, the Plaintiffs cannot demonstrate a "reasonable expectation," while bearing in mind the Board's approval of the parade, that a subsequent application would be denied. Moreover, the Board should have the right to look at each future event application, regardless of who the applicant is or the type of event, on the application's own facts and circumstances. In accordance with the above-stated law, the Plaintiffs are not entitled to injunctive relief and their prayer for such should be dismissed.

3. **Plaintiffs are not entitled to an award of attorneys' fees and costs.**

The Plaintiffs are not entitled to attorneys' fees and costs because the Plaintiffs do not meet the definition of a "prevailing party" under 42 U.S.C. § 1988. "(T)he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (granting the power to award attorney's fees in proceedings concerning 42 U.S.C. § 1983). But a party is not considered "prevailing" unless such party has "secure[d] a

judgment on the merits or a court-ordered consent decree . . . ." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001).[1]

A prevailing party is not one, such as the Plaintiffs, who achieves their desired result following the filing of a lawsuit which arguably brought about "a voluntary change in the defendant's conduct." *Id.*; *see also Johnson v. Rodriguez*, 260 F. 3d 493, 495 (5th Cir. 2001) (rejecting the "catalyst theory" as a basis for fee-shifting); *Bailey v. Mississippi*, 407 F. 3d 684, 687 (5th Cir. 2005). A voluntary act on the part of the defendant "lacks the necessary judicial *imprimatur*" to demonstrate an alteration in the legal relationship of the parties. *Buckhannon*, 532 U.S. at 605 (emphasis in original). Thus, the courts have made clear that they will not award attorney fees "to a plaintiff who, by simply filing a non-frivolous but nonetheless potentially meritless lawsuit . . . has reached the 'sought-after destination' without obtaining any judicial relief." *Id.* at 606.

Here, there was no judgment secured on the merits or a court-ordered consent decree signed by the parties. The Board voluntarily reconsidered and permitted the parade. Thus, the Plaintiffs cannot be considered a "prevailing party" simply based on their filing of a lawsuit which subsequently saw an accomplishment of its ultimate goal without any judicial action that changed the legal relationship between the parties. Further so, the Plaintiffs no longer have a merited cause of action which would create the opportunity to be considered a "prevailing party."

In addition, from a policy standpoint, if the Court were to award attorney fees to the Plaintiffs in this case, that would have a chilling effect on reconsiderations and attempts at resolving conflicts. The Board efficiently and expeditiously reconsidered its original vote at its

---

[1] Later abrogated only as to FOIA claims pursuant to Government Act of 2007, Pub. L. No. 110-175, § 4(a), 121 Stat. 2524; 5 U.S.C. § 552(a)(4)(E)(ii)(II).

next available meeting. The City should not be penalized monetarily for its action to seek common ground. The same public policy considerations undergirding the rule that subsequent remedial measures are not allowed into evidence in tort claims apply equally here. To assess the City with Plaintiffs' attorney fees would disincentivize attempts at corrective measures and settlements, which the law favors.

For all of the above reasons, this Court should dismiss the Plaintiffs' claim for attorneys' fees and costs.

## IV.
## CONCLUSION

The Plaintiffs' Complaint was all about the parade. The parade occurred as initially planned and scheduled. There is nothing left to dispute in this case. The Plaintiffs have no recoverable claim or right to damages. Accordingly, this Court should grant Defendant's motion to dismiss.

WHEREFORE, this Court should dismiss the Plaintiffs' complaint with prejudice and provide any additional relief appropriate under the circumstances.

This the 26th day of April, 2018.

    Respectfully submitted,

    CITY OF STARKVILLE

By:  /s/Christopher J. Latimer, MSB 101549
     Michael Chase, MSB 5969
     J. Russell Dumas, MSB 105310
     *Its Attorneys*

Of Counsel:

Mitchell, McNutt & Sams

1216 Van Buren

Post Office Box 847
Oxford, Mississippi 38655
Telephone: 662.234.4845
Facsimile: 662.234.9071
clatimer@mitchellmcnutt.com

105 S. Front Street
P.O. Box 7120
Tupelo, MS 38802
Telephone: 662.842.3871
Facsimile: 662.842.8450
mchase@mitchellmcnutt.com

215 Fifth Street North
P.O. Box 1366
Columbus, MS 39703
Telephone: 662.328.2316
Facsimile: 662.328.8035
rdumas@mitchellmcnutt.com

## CERTIFICATE OF SERVICE

      I, Christopher J. Latimer, hereby certify that a copy of the foregoing instrument was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party, as indicated below.

Alysson Mills
Kristen D. Amond
FISHMAN HAYGOOD LLP
201 St. Charles Ave., 46th Floor
New Orleans, LA 70170
(504) 586-5253

Roberta A. Kaplan
John C. Quinn
Joshua Matz
KAPLAN & COMPANY, LLP
350 Fifth Ave, Suite 7110
New York, NY 10118
(212) 763-0883
*Attorneys for Plaintiffs*

1066227_1

This the 26th day of April, 2018.

/s/ Christopher J. Latimer

11

1066227_1